974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norris Lloyd McALMOND, Plaintiff-Appellant,
v.
Don SHAW, Defendant-Appellee.
 No. 91-35551.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 31, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norris Lloyd McAlmond, a Montana state prisoner, appeals pro se the district court's dismissal of his civil rights action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 In his complaint, McAlmond alleged that the defendants, officers of the Lincoln County Sheriff's Department, violated his constitutional rights by converting property seized from McAlmond pursuant to search warrants. McAlmond requested both damages and injunctive relief.[1] The district court dismissed McAlmond's civil rights action because Montana law provides a remedy for the alleged wrong done to McAlmond, and McAlmond failed to seek the state remedy available to him. McAlmond contends that he did not have an adequate state common-law remedy because the remedy does not provide injunctive relief. This contention lacks merit.
 
 
 4
 "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). "Although the state remedies may not provide ... all the relief which may have been available if [the plaintiff] could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." Parratt v. Taylor, 451 U.S. 527, 544 (1981).
 
 
 5
 Here, McAlmond could have sought damages for the alleged deprivation of his property through a conversion action in state court. Moreover, McAlmond failed to state a valid claim for injunctive relief because there is no allegation or indication that the defendants restricted or punished McAlmond for filing a civil rights action. Cf. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (injunctive relief is available only if there is a "real or immediate threat that the plaintiff will be wronged again"). Accordingly, the district court did not err by finding that a meaningful postdeprivation remedy was available in state court for McAlmond to redress his alleged injury. See Hudson, 468 U.S. at 533; Parratt, 451 U.S. at 544.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, McAlmond requested an injunction enjoining the defendants from restricting or punishing him for filing a section 1983 action